## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### Case No. 0:19-CV-60452-RAR

STEPHEN L. CHORBA,
individually and on behalf of others similarly situated

Plaintiff(s),

v.

NORTHERN LEASING SYSTEMS, INC,

Defendant.

_____/

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Stephen L. Chorba ("Plaintiff"), individually and on behalf of others similarly situated, by and through undersigned counsel, hereby files its First Amended Class Action Complaint[1] against Defendant, Northern Leasing Systems, Inc. ("Defendant" or "Northern Leasing").  The following allegations are based upon information and belief, including the investigation of Plaintiff's counsel, unless stated otherwise.

### PRELIMINARY STATEMENT

1.  Defendant is engaged in a nationwide scheme of swindling small business owners and consumers in connection with the sale of electronic credit card payment processing equipment and services.  Defendant misrepresents the true costs of enrolling consumers in their electronic payment processing services and equipment leases to try and lock them into illegal, non-cancellable contracts. The enrollment forms and/or purported lease agreements do not contain the Notice of Consumer's Right of Cancellation as required by Florida law. When the consumer

---

[1] This amendment is being made pursuant to Fed.R.Civ.P. 15(a)(1)(B) and is intended to supersede the prior complaint filed in state court.

attempts to cancel the lease, Defendant sends threatening collection letters and makes harassing phone calls to scare the consumer into paying more than what they were promised. If the consumer refuses to pay, Defendant files suit in a foreign jurisdiction without personally serving the consumer. Under the guise of a venue clause, Defendant then purports to serve this suit not by personal service, but by mail (if at all), and then steamrolls improperly obtained defaults through the courts to enter judgments against, among others, Florida consumers in New York.

2.    The Defendant has been sued by the New York Attorney General ("NYAG") for its abusive and illegal practices. According to the NYAG, over 95% of consumers sued by Defendant and its related entities reside outside of New York and since 2010, Defendant and its affiliates have filed over 30,000 actions in New York County Civil Court and obtained over 19,000 default judgments, according to the NYAG.

3.    Plaintiff brings this Class Action individually and on behalf of others similarly situated against Northern Leasing for its willful and continued violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fraud, Negligent Misrepresentation, Rescission and Unjust Enrichment.

## PARTIES, JURISDICTION AND VENUE

4.    Plaintiff is a citizen of the state of Florida and at all material times to this Class Action Complaint resides in Broward County, Florida.

5.    Defendant is a New York corporation authorized to do business and is doing business in Broward County, Florida and the state of Florida.

6.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2) because the members of the Class are citizens of a state different from the Defendant and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

7.   Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred and/or emanated from this District.

## GENERAL ALLEGATIONS

8.   FDUTPA was enacted to protect Florida consumers from those who engage in unconscionable, deceptive, or unfair acts or practices in any trade or commerce.

9.   At all material times herein, Plaintiff and Class Members are "consumers" as defined by Florida Statutes, Section 501.203(7).

10. At all material times herein, Defendant provided goods, and/or certain services on an ongoing basis, to consumers in the state of Florida, thereby engaging in "trade or commerce" as that term is defined by Florida Statutes, 501.203(8).

11. Defendant's business model is to ensnare small, unsophisticated business owners and consumers, in void, invalid and never-ending equipment finance lease agreements, primarily for credit card processing equipment and ongoing consumer services in connection therewith.

12. For their practices, Defendant has been awarded a one-star, "D" rating with the Better Business Bureau and a plethora of consumer complaints.[2]

13. Mr. Chorba is 67 years old and the owner of a small business named "Shirts N Things" in Davie, Florida.

14. On or about May 12, 2015, Mr. Chorba received a sales visit from an agent of Defendant.

15. Specifically, Defendant's sales agent represented to Mr. Chorba that he would save money by leasing Defendant's equipment to satisfy his electronic credit card processing needs.

16. Defendant and its sales agent knew or should have known that this representation was false.

---

[2] https://www.bbb.org/us/ny/new-york/profile/financing/northern-leasing-systems-inc-0121-37657 (last visited May 8, 2019).

17. In reliance on this representation, Mr. Chorba agreed to do business with Defendant by electronically signing on an iPad.

18. Subsequently, Defendant provided Mr. Chorba with a Non-Cancellable Equipment Finance Lease Agreement (the "Lease") that Mr. Chorba did not sign.[3] Attached hereto as Exhibit A is a copy of the Lease.

19. The Lease does not contain the Notice of Consumer's Right of Cancellation as required by Fla. Admin. Code R. 2-18.002 (2).

20. The Lease provides, in part, that Defendant would lease to Mr. Chorba a Verifone VX 520 and/or Verifone VX 820 Pinpad at a cost of $99 per month over the next 48 months for a total payment of $4,752.

21. The estimated combined cost for the credit card processing equipment that Defendant represented to Mr. Chorba would save him money is approximately $400.

22. Stated another way, Mr. Chorba would actually end up paying almost twelve times the value of what the leasing equipment and services was actually worth.

23. Two days after being first approached by Defendant, Mr. Chorba contacted Defendant to cancel his enrollment in Defendant's electronic credit card payment processing services and equipment lease in compliance with Fla. Admin. Code R. 2-18.002 (2), which mandates that a consumer can cancel a contract within three days.

24. Mr. Chorba never installed, activated or used any credit card processing services or equipment from Defendant.

---

[3] It bears noting that this alleged agreement contains a forged signature, is an incomplete copy, and contains terms that were never discussed, disclosed, agreed to or otherwise acknowledged by Mr. Chorba.

25. Notwithstanding that Mr. Chorba cancelled his enrollment, nearly two years later, Defendant falsely claimed that Mr. Chorba owed $6,476.48 resulting from the alleged electronic credit card processing services and equipment lease.

26. Thereafter, Defendant repeatedly harassed Mr. Chorba through threatening letters and phone calls, demanding payment of a debt he did not owe.

## CLASS ACTION ALLEGATIONS

27. Plaintiff Stephen L. Chorba brings this action individually and on behalf of class members defined as follows:

> All Florida consumers who enrolled in or entered a lease with Defendant for credit card processing equipment and services within a four-year period of time prior to the filing of the initial Class Action Complaint and up through the present date.

28. Plaintiff respectfully reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.[4] Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members and their immediate families and judicial staff.

29. Defendant's practices and omissions were applied uniformly to all members of the Class, so that the questions of law and fact are common to all members of the Class. All members of the Class were and are similarly affected by the deceptive practices, and the relief sough herein is for the benefit of Plaintiff and members of the Class.

---

[4] Plaintiff also respectfully requests and reserves the right to amend this complaint to add a claim under New York law should this matter be transferred.

30. This action is brought under Fed.R.Civ.P. 23(a) for the following reasons:

a)      The Class consists of hundreds if not thousands of persons, a number so numerous that joinder of all Class Members, whether otherwise required or permitted, is impracticable;

b)      There are questions of law and fact common to all Class Members, which questions predominate over any question affecting only individual Class Members.  These include, but are not necessarily limited to, the following questions of law and fact:

i. Whether Defendant engaged in unfair and deceptive acts or practices in the conduct of any trade or commerce in violation of FDUTPA;

ii. Whether Defendant's standard electronic credit card processing services and equipment lease agreement fails to contain the Consumer's Right of Cancellation required by Fla. Admin. Code R. 2-18.002 (2) violates FDUTPA;

iii. Whether a reasonable consumer is likely to be deceived that Defendant's electronic credit card payment processing services and equipment leases would save the consumer money;

iv. Whether Defendant's conduct constitutes fraud;

v. Whether Defendant's conduct constitutes negligent misrepresentation;

vi.  Whether Plaintiff and Class Members are entitled to restitution and/or damages, and if so, the proper measure of restitution and damages;

vii. Whether Plaintiff and Class Members are entitled to declaratory and/or injunctive relief pursuant to FDUTPA; and

viii. Whether Plaintiff and Class Members are entitled to reasonable attorneys' fees and costs under FDUTPA, and if so, in what amount.

31.  The members of this Class will be easily ascertained from the records of Defendant during discovery.

32. Plaintiff's claims are typical of the claims of the proposed Class Members.

33. Plaintiff will fairly and adequately protect the interests of Class Members.

34. Plaintiff has retained counsel fully capable of, and intent on, vigorously pursuing this action.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a) Given the size of the proposed Classes, individual joinder of each Class Member's claim is impracticable;

b) Given the relatively small damages suffered by individual Class Members, as well as the unlikelihood that many Class Members will know their rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs related thereto;

c) When the liability of Defendant is adjudicated, claims of all members of the Class can be determined by the Court;

d) This action will cause an orderly and expeditious administration of the Class Members' claims, and economies of time, effort and expense will be fostered and uniformity will be insured;

e) Without a class action, Class Members will continue to suffer damages and Defendant's violations of law will proceed without remedy while they continue their unfair and deceptive trade practices, as well as their unlawful debt collection activities; and

f) This action presents no difficulties that would preclude management by the Court as a class action.

## COUNT I

### Deceptive and Unfair Trade Practices Act – Violation of §501.204(1)

36. Plaintiff adopts and realleges each and every allegation contained in paragraphs 1 through 35 above as if fully set forth herein.

37. Defendant is subject to, and have violated the provisions of, Florida Statutes, Section 501.204(1), by conducting and engaging in unfair and deceptive acts or practices in the conduct of any trade or commerce in violation of FDUTPA.

38. Defendant engaged in unfair and deceptive acts in the conduct of trade or commerce against Plaintiff and Class Members by, *inter alia*:

a) using misrepresentations that Plaintiffs would save money to induce Plaintiff and Class Members to enroll and/or sign agreements for Defendant's electronic credit card payment processing services and equipment leases;

b) targeting unsophisticated consumers and using high pressure sales tactics to pressure Plaintiff and Class members to enroll and/or sign agreements for Defendant's electronic credit card payment processing services and equipment leases;

c) seeking enforcement of leases that were not signed by Plaintiff or Class Members;

d) seeking enforcement of leases that are invalid, void and/or unenforceable;

e) not providing Plaintiff and Class Members with a complete lease;

f) failing to provide Plaintiff and Class Members the opportunity to review the lease terms;

g) hiding lease terms in fine print so Plaintiff and Class Members cannot review certain lease provisions;

h) preventing Plaintiff and Class Members from cancelling the lease;

i) threatening to sue Plaintiff and Class Members in New York;

j) pursuing litigation against Plaintiff and Class Members without service of process;

k) utilizing unconscionable lease terms in its electronic credit card payment processing services and equipment lease;

l) using tactics and communications which simulate legal or judicial process to collect an illegitimate debt; and

m) withdrawing funds from consumer financial accounts without authorization.

39. The conduct of Defendant and its agents as described herein and above constitute a calculated, ongoing and repeated course of unfair, unconscionable and deceptive acts and practices in the conduct of trade or commerce that violates Section 501.204, Florida Statutes.

40. As a direct and proximate cause of Defendant and its agents' unfair, unconscionable and deceptive acts and practices, Plaintiff and Class Members have suffered damages, including without limitation, improper and unauthorized collection and debiting of monthly payments from consumers and improper collection and enforcement of illegitimate debts.

41. As such, Plaintiff and Class Members are entitled to declaratory and injunctive relief pursuant to Section 501.211(1) and actual damages pursuant to Section 501.211(2), Florida Statutes.

42. Defendant is responsible for Plaintiff's attorney's fees, in their individual and representative capacity, pursuant to Section 501.2105, Florida Statutes.

## COUNT II

### Violation of Rule 2-18 Florida Administrative Code

43. Plaintiff adopts and realleges each and every allegation contained in paragraphs 1 through 35 above as if fully set forth herein.

44. Rule 2-18.002, Florida Administrative Code, Contracts for Future Consumer Services, provides:

(1) As used herein a "contract for future consumer services" is any contract which includes a provision for consumer services to be rendered in the future on a continuing basis.

(2)  It shall be an unfair or deceptive act or practice for the seller of future consumer services to fail to furnish the buyer with a fully completed copy of any contract pertaining to such sale at the time of its execution, and which shows the date of the transaction and contains the name and address of the seller, and in immediate proximity to the space reserved in the contract for the signature of the buyer or on the front page of the receipt if a contract is not used, and in bold-face type of a size of 10 points the following statements:

CONSUMER'S RIGHT OF CANCELLATION

YOU MAY CANCEL THIS CONTRACT WITHOUT ANY PENALTY OR OBLIGATION WITHIN 3 BUSINESS DAYS FROM THE ABOVE DATE, AND RECEIVE A FULL REFUND OF ALL PAYMENTS MADE TO THE SELLER.

YOU MAY ALSO CANCEL THIS CONTRACT IF UPON A DOCTOR'S ORDER YOU CANNOT PHYSICALLY RECEIVE THE SERVICES, OR YOU MAY CANCEL THE CONTRACT IF THE SERVICES CEASE TO BE OFFERED AS STATED IN THE CONTRACT. IF YOU CANCEL THE CONTRACT FOR EITHER OF THESE REASONS, THE SELLER, (NAME OF SELLER), MAY KEEP ONLY A PORTION OF THE CONTRACT PRICE EQUAL TO A PRO RATA PORTION OF THE TOTAL PRICE REPRESENTING THE PROPORTION OF SERVICES YOU USED OR COMPLETED, PLUS THE COST TO THE SELLER OF ANY RELATED GOODS WHICH YOU HAVE CONSUMED OR RETAINED.

45. Defendant's electronic credit card payment processing services and equipment leases as represented by Defendant was a contract for future consumer services within the meaning of Rule 2-18.002.

46. The future consumer services rendered by Defendant include, *inter alia*, micro-ticket leasing services to spread the cost of utilizing credit card processing services over an extended period of time, monthly use of the credit card processing equipment, ongoing and continuing customer service, monthly protection of the credit card processing equipment, insuring of the equipment, administrative services, collection and payment of applicable taxes on behalf of the consumer, credit and asset management, and liaison with equipment suppliers.

47.  The Lease fails to include a notice of the Consumer's Right to Cancel under Rule 2-18.002.

48. Defendant's failure to include the Right to Cancel constitutes an unfair or deceptive act or practice under Rule 2-18.002.

49. Defendant's failure to provide Plaintiff and Class Members a complete copy of its electronic credit processing services and equipment lease also constitutes an unfair or deceptive act or practice under Rule 2-18.002.

50. Defendant and/or Defendants agent's refusal to honor a request to cancel in accordance with the cancellation disclosure under Rule 2-18.002 also constitutes an unfair or deceptive act or practice.

51. Defendant's failures to comply with Rule 2-18.002, Florida Administrative Code, is a *per se* violation of Florida Statutes as provided for under Section 501.203(3).

52. The conduct of Defendant and its agents as described herein and above constitute a calculated, ongoing and repeated course of unfair, unconscionable and deceptive acts and practices in the conduct of trade or commerce that violates Section 501.204, Florida Statutes.

53. As such, Plaintiff and Class Members are entitled to declaratory and injunctive relief pursuant to Section 501.211(1).

54. Defendant is responsible for Plaintiff's attorney's fees, in their individual and representative capacity, pursuant to Section 501.2105, Florida Statutes.

## COUNT III

## FRAUD

55. Plaintiff adopts and realleges each and every allegation contained in paragraphs 1 through 35 above as if fully set forth herein.

56. Defendant and its sales agents induce consumers to enroll in its electronic credit card processing services and equipment leases by representing that the consumer will save money.

57. The credit card processing equipment that Defendant contends will save a consumer money only costs a few hundred dollars.

58. Defendant's typical electronic credit card processing services and equipment lease are for a term of 48-months and may cost between $50-$100 per month.

59. The result is that the consumer ends up paying for the equipment many times over and the cost savings as represented by Defendant are patently false and never materialize.

60. Defendant knowingly made a false statement of material fact to Plaintiff and Class Members that its electronic credit card payment processing services and equipment leases would save consumers money, when in fact, the cost savings could never have materialized under the terms of the lease.

61. Defendant knew these representations were false when made.

62. Defendant made these misstatements with the intent to induce Plaintiff and Class Members to enroll and/or enter agreements for Defendant's electronic credit card payment processing services and equipment leases.

63.  Plaintiff and other reasonable consumers, including Class Members, reasonably relied on Defendant's representations, and, in reliance thereon, enrolled in and/or signed agreements for Defendant's electronic credit card payment processing services and equipment leases.

64.  The reliance by Plaintiff and Class Members was reasonable and justified under the circumstances in that Defendant represented itself to be a reputable, nationwide business, known for competitive rates and high-quality customer service, that helped small businesses and consumers, among other things, save money.

65.  Plaintiff and Class members would not have been willing to pay for Defendant's services and products had they known that the represented cost savings would never materialize.

66.  As a direct and proximate result of Defendant's misrepresentations, Plaintiff and Class Members were induced to enroll and/or sign agreements for Defendant's electronic credit card payment processing services and equipment leases and have suffered damages to be determined at trial.

## COUNT IV

## NEGLIGENT MISREPRESEANTION

67.  Plaintiff adopts and realleges each and every allegation contained in paragraphs 1 through 35 above as if fully set forth herein.

68.  Defendant has negligently misrepresented that its electronic credit card payment processing services and equipment leases would save consumers money, when in fact, the cost savings never materialize.

69.  Defendant and its sales agents induce consumers to enroll in its electronic credit card processing services and equipment leases by representing that the consumer will save money.

70. The credit card processing equipment that Defendant contends will save a consumer money only costs a few hundred dollars.

71. Defendant's typical electronic credit card processing services and equipment lease are for a term of 48-months, and may cost between $50-$100 per month.

72. The result is that the consumer ends up paying for the equipment many times over and the cost savings as represented by Defendant are patently false and never materialize.

73. Defendant knows its misstatements are material to the reasonable consumer and Defendant intends for consumers to rely upon the misstatements when agreeing to enroll in Defendant's electronic credit card payment processing services and equipment leases.

74. Defendant knew or should have known that these misstatements or omissions would materially affect Plaintiff and Class Members' decisions to enroll and/or sign agreements for Defendant's electronic credit card payment processing services and equipment leases.

75. Plaintiff and other reasonable consumers, including Class Members, reasonably relied on Defendant's representations, and, in reliance thereon, enrolled in and/or signed agreements for Defendant's electronic credit card payment processing services and equipment leases.

76. The reliance by Plaintiff and Class Members was reasonable and justified under the circumstances in that Defendant represented itself to be a reputable, nationwide business, known for competitive rates and high-quality customer service, that helped small businesses and consumers, among other things, save money.

77. Plaintiff and Class members would not have been willing to pay for Defendant's services and products had they known that the represented cost savings would never materialize.

78. As a direct and proximate result of Defendant's misrepresentations, Plaintiff and Class Members were induced to enroll and/or sign agreements for Defendant's electronic credit card

payment processing services and equipment leases and have suffered damages to be determined at trial.

## COUNT V

## <u>RESCISSION</u>

79. Plaintiff adopts and realleges each and every allegation contained in paragraphs 1 through 35 above as if fully set forth herein.

80. This is a count for rescission stated in the alternative to the counts set forth herein for damages.

81. Plaintiff and Class Members enrolled in and/or entered Defendant's electronic credit card payment processing services and equipment leases.

82. Plaintiff and Class Members' enrollment and/or entry of Defendant's electronic credit card payment processing services and equipment leases were procured by fraud because, at the time Plaintiff and Class Members enrolled and/or entered into the leases, Defendant represented the electronic credit card payment processing services and equipment leases would save Plaintiff and Class Members money.

83. Defendant's representations and statements were fraudulent, and Defendant knew, or should have known, that such statements were false.

84. Plaintiff and Class Members have attempted to rescind enrollment and and/or entry of Defendant's electronic credit card payment processing services and equipment leases.

85. Plaintiff and Class Members, where possible, have attempted to restore any benefits received, including without limitation, by returning the electronic credit card processing equipment.

86. Plaintiff and Class Members have no adequate remedy at law.

## COUNT VI

## UNJUST ENRICHMENT

87. Plaintiff adopts and realleges each and every allegation contained in paragraphs 1 through 35 above as if fully set forth herein.

88. Plaintiff and Class Members conferred benefits upon Defendant, including without limitation, payment of money.

89. Defendant has knowledge of the benefits conferred by Plaintiff and Class Members and Defendant voluntarily accepted those benefits and retained them.

90. The circumstances render Defendant's retention of the benefits inequitable unless it pays Plaintiff and Class Members the value of the benefit.

91. Defendant has been unjustly enriched at the expense of Plaintiff and Class Members.

92. Plaintiff and Class Members are entitled to damages as a result of Defendant's unjust enrichment, including disgorgement of all monies unlawfully accepted by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members seek judgment against Defendant, Northern Leasing Systems, Inc. as follows:

a)  Certifying this case as a class action on behalf of the Class defined above, appoint Plaintiff Stephen L. Chorba as class representative, and appoint his counsel as Class Counsel;

b)  Declaring the attempts to uphold or collect any debt arising under Defendant's electronic credit card payment processing services and equipment leases are unfair, unconscionable, unenforceable and void;

c)  Temporarily and permanently enjoining Defendant and their officers, agents, servants, employees, attorneys and those persons in active concert or participation with from engaging in any collection activities related to

16

Defendant's electronic credit card payment processing services and equipment leases;

d) Requiring Defendant disgorge all revenue and award restitution to consumers resulting from its violations of FDUTPA;

e) Awarding Plaintiff and Class Members actual damages in an amount to be determined at trial for all causes of action;

f) Ordering an asset freeze on all bank accounts of Defendant and that Defendant not dissipate any of their assets and preserve them for the purposes of restitution and refunds to consumers;

g) Rescinding Plaintiff and Class Members enrollment and/or entry in Defendant's electronic credit card payment processing services and equipment leases and returning the parties to *status quo;*

h) Awarding Plaintiff and Class Members reasonable attorneys' fees and costs pursuant to the provisions of Sections 501.2105, Florida Statutes; and as otherwise allowable by applicable statutes or law; and

i) Awarding Plaintiff and Class Members such other relief as the interests of justice shall require and that this Honorable Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all triable issues.

DATED:  May 10, 2019                    Respectfully submitted,

MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ George T. Breur*
George T. Breur, Esq.
Florida Bar No. 33283
Etan Mark, Esq.
Florida Bar No. 720852
Josh Migdal, Esq.

Florida Bar No. 19136
george@markmigdal.com
etan@markmigdal.com
josh@markmigdal.com
eservice@markmigdal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of May 2019, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document

is being served this day on all counsel of record or pro se parties identified on the attached Service

List in the manner specified, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronically Notices of Electronic Filing.

*/s/ George T. Breur*

## SERVICE LIST

Daniel P. Dietrich
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 2500
Tampa, Florida 33602
Telephone: (813) 222-6960
Email – ddietrich@gunster.com
*Counsel for Defendant*

Scott E. Silberfein
Moses & Singer LLP
The Chrysler Building

405 Lexington Avenue
New York, New York 10174-1299
*Counsel for Defendant*